# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 16-cv-63040-BLOOM/Valle

RALPH L. SANDERS

      Plaintiff,

v.

TEMENOS USA, INC.,

      Defendant.

_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court on Defendant Temenos USA, Inc.'s ("Defendant" or "Temenos") Motion to Dismiss, ECF No. [55] (the "Motion"), seeking dismissal of Counts I, II, III, and V of Plaintiff's Amended Complaint, ECF No. [51]. The Court has reviewed the Motion, the record, and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

## I. BACKGROUND

In his Amended Complaint, Plaintiff alleges that in June 2001 he began working for Defendant as a technical consultant. ECF No. [51] at ¶ 5. During the course of his employment, Plaintiff suffered from depression, for which he sought medical treatment. *Id.* at ¶ 7. In 2004, Defendant "wrote [] up" Plaintiff for performance-related violations, and also instructed Plaintiff to inform Defendant if he had any reoccurrence of depression or other health issues. *Id.* at ¶¶ 8-9. Following that write up, Plaintiff was promoted, and from 2004 to 2013 Plaintiff received bonuses for good performance. *Id.* at ¶ 10. In March 2011, however, Plaintiff's wife became ill with cancer, and Plaintiff notified Defendant's human resources department of his wife's medical condition. *Id.* at ¶¶ 6, 18.

In July 2011, Plaintiff was disinvited without explanation from a company dinner, which was scheduled to celebrate the completion of a project on which he had worked. *Id.* at ¶¶ 22-23. More than a year later, in December 2012, Defendant wanted Plaintiff to travel to Saudi Arabia on a business visa. *Id.* at ¶ 26. Plaintiff declined Defendant's request, informing Defendant of safety concerns he had and his belief that a business visa was not the proper visa for such a trip. *See id.* at ¶¶ 26-29. According to Plaintiff, Dallan McManus, Defendant's Vice President of Services, notified Human Resources about Plaintiff's refusal to travel to Saudi Arabia, but did not provide Human Resources the reasons that Plaintiff mentioned. *Id.* at ¶ 30. Mr. McManus stated to Plaintiff that he was going to file a complaint with Human Resources for Plaintiff's refusal, but Plaintiff is unaware of whether Mr. McManus did so. *Id.* at ¶ 34.

Shortly thereafter, on December 26, 2012—during Plaintiff's holiday vacation time— Plaintiff's wife had surgery to treat her cancer. *Id.* at ¶ 36. Plaintiff's wife required more support needs following her surgery than had been anticipated, and Plaintiff thereafter used two weeks of accrued vacation time in order to care for his wife. *Id.* at ¶¶ 36-39. Initially, upon becoming informed of Plaintiff's wife's condition, Defendant recommended that Plaintiff use FMLA leave in order to care for his wife, but Plaintiff "was required to exhaust [his vacation] leave before using FMLA leave." *Id.* at ¶¶ 38-39.

Plaintiff's wife's condition did not improve in the months to follow, and in July or August 2013, Plaintiff was diagnosed with mild depression. *Id.* at ¶¶ 41, 45. Plaintiff informed Defendant of his depression in early August 2013. *Id.* at ¶ 45.

Plaintiff was unable to attend a work meeting scheduled for August 22, 2013 in Orlando, Florida "due to a court date related to his home and due to mobility issues caused by inflamed and painful knees"—which Plaintiff had informed a project manager about ahead of time on

August 19, 2013. *Id.* at ¶¶ 47, 50. On August 27, 2013, Plaintiff discussed his health problems with Human Resources and was instructed to use FMLA leave due to his health and encouraged to apply for short-term disability. *Id.* at ¶ 54. The next day, Plaintiff and Mr. McManus had a conference call regarding Plaintiff's medical conditions. *Id.* at ¶ 56. Plaintiff was terminated during the conference call after being told that Defendant "no longer need[ed] [his] services." *Id.* at ¶ 57. The termination letter did not specify any reason for Plaintiff's termination. *Id.* at ¶ 58. Plaintiff was asked to sign a release following his termination but Plaintiff refused. *Id.* at ¶ 59.

In late September 2013, Sun Life, Plaintiff's disability insurance provider, informed Plaintiff that Defendant "was not forwarding the necessary information about Plaintiff's employment status and salary to keep his disability insurance coverage current." *Id.* at ¶ 71. When Defendant eventually provided the necessary information to Sun Life, the information was outdated. *See id.* at ¶¶ 75-76. Plaintiff was eventually paid back amounts due on his disability insurance after taking legal action, but the payments were based on outdated employment information. *Id.* at ¶ 76. Plaintiff appealed the determination which was based on stale information, but was told by carrier Sun Life that they could not adjust the award without different information provided by Defendant. Defendant did not provide updated information. *Id.* at ¶ 78. In June 2014, Defendant apologized in writing for not timely informing Sun Life of the necessary information and for "the coverage gap problems that Plaintiff was experiencing." *Id.* at ¶ 84.

At around the same time, Plaintiff was told that his insurance—which covered his wife and daughters—would work, but Plaintiff's insurance did not work and was "cancelled after one additional month of coverage." *Id.* at ¶ 85. As a result, Plaintiff's wife travelled to Finland in July 2014 in order to obtain further medical treatment for her cancer. *Id.* at ¶ 87.

According to Plaintiff, in October 2014, Defendant made a false written representation that Plaintiff had executed a release upon his termination in which he agreed to continue his medical insurance through December 31, 2013 and no further. *Id.* at ¶ 88. "This letter also stated that Defendant had no duty to continue disability insurance coverage beyond the date of [Plaintiff's] termination." *Id.* Plaintiff's wife passed away while in Finland that same month. *Id.* at ¶ 90.

Based on these allegations, Plaintiff filed suit against Defendant on September 3, 2015, alleging the following claims: (1) interference and retaliation under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 (Counts I and II); retaliation under the Florida Whistleblower's Act ("FWA"), Fla. Stat. § 448.102 (Count III); failure to provide notice of the availability of continued benefits under the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), 29 U.S.C. § 1161 (Count IV); and interference with Plaintiff's long-term disability insurance under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132 (a)(1)(b) (Count V).[1] Defendant moves for dismissal of Counts I and II for failure to state a claim under the FMLA, Count III as time-barred, and Count V on the bases that Defendant is not a proper defendant and that the specific relief sought is unavailable under ERISA.

## II. LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy the Rule 8 pleading requirements, a complaint must provide the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512,

---

[1] On May 11, 2017, the Court granted a motion to withdraw filed by Plaintiff's then counsel. *See* ECF No. [57]. On June 13, 2017, Plaintiff advised the Court that he would be proceeding *pro se*. ECF No. [62].

(2002). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the Rule 8(a)(2) pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). The Supreme Court has emphasized that "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also Am. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1288-90 (11th Cir. 2010).

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."); *Iqbal*, 556 U.S. at 678. A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v.*

*Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)). While the court is required to accept as true all allegations contained in the complaint, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. "Dismissal pursuant to Rule 12(b)(6) is not appropriate 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

## III. DISCUSSION

### A. FMLA Interference and Retaliation Claims (Counts I and II)

"To preserve the availability of [family and medical leave] rights, and to enforce them, the FMLA creates two types of claims: interference claims, in which an employee asserts that his employer denied or otherwise interfered with his substantive rights under the Act[,] and retaliation claims, in which an employee asserts that his employer discriminated against him because he engaged in activity protected by the Act." *Shanks v. Potter*, 2010 WL 8347107, at *5 (S.D. Ga. Dec. 28, 2010) (quotation omitted), *aff'd*, 451 F. App'x 815 (11th Cir. 2011) (quoting *Strickland v. Water Works & Sewer Bd.*, 239 F.3d 1199, 1206 (11th Cir. 2001)). As a threshold requirement, "[t]o bring claims under the FMLA, an employee must first be found to be an 'eligible employee' under the statute...." *Id.* Relevant here, "[t]he term 'eligible employee' does not include ... any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50." 29 U.S.C. § 2611(2)(B)(ii).

Here, Defendant seeks dismissal of Plaintiff's FMLA interference and retaliation claims on the basis that Plaintiff fails to plead that he was an eligible employee because he has not

alleged that Defendant had at least 50 employees within 75 miles of his worksite. *See* ECF No. [55] at 4-6. Defendant is correct. Nowhere in the Amended Complaint does Plaintiff allege facts related to how many employees Defendant has at either Plaintiff's worksite or within 75 miles of Plaintiff's worksite. The omission is dispositive. *See Cardwell v. Secuirtas Critical Infrastructure Servs., Inc.*, 2016 WL 8193434, at *2 (M.D. Ala. Oct. 21, 2016) (dismissing the plaintiff's FMLA interference claim because "her Complaint and Amended Complaint [were] devoid of any allegation regarding the number of employees at her worksite or those within 75 miles"). Accordingly, the Court finds that Plaintiff fails to sufficiently state a claim for relief based on either inference or retaliation under the FMLA. Counts I and II are therefore dismissed without prejudice and with leave to amend.

## B. FWA Retaliation Claim (Count III)

The FWA provides, in relevant part, that "an employee who has been the object of a retaliatory personnel action in violation of this act may institute a civil action in a court of competent jurisdiction for relief ... within 2 years after discovering that the alleged retaliatory personnel action was taken, or within 4 years after the personnel action was taken, *whichever is earlier*." Fla. Stat. § 448.103(1)(a) (emphasis added). For purposes of applying the FWA's statute of limitations, "a plaintiff is deemed to have 'discovered' his right to a cause of action when the plaintiff knew or should have known of the injury." *Howard v. Ditsworth*, 133 F. App'x 664, 665 (11th Cir. 2005) (internal quotation marks and citation omitted). "Under Florida law, a plaintiff need not have actually discovered the injury—instead the cause of action accrues when a plaintiff should have discovered it in the exercise of reasonable diligence." *Id*. "Sheer ignorance of the existence of a cause of action does not serve to postpone the operation of a statute of limitations." *Id*.

Here, Plaintiff's FWA retaliation claim is based on Defendant's termination of his employment. Specifically, Count III of the Amended Complaint alleges "that the termination of Plaintiff's employment with Defendant … was … in retaliation for Plaintiff's refusal to travel to Saudi Arabia for work under an improper visa ….." ECF No. [51] at ¶ 120. According to the Amended Complaint, Plaintiff was terminated during a conference call that took place on August 28, 2013—a conference call that he took part in. *See* ECF No. [51] at ¶¶ 56-57. This allegation demonstrates that Plaintiff clearly knew of his termination—the basis of his FWA claim—as of August 28, 2013. As such, Plaintiff had two years from August 28, 2013 by which to timely file his FWA claim. But Plaintiff did not assert his FWA claim until he filed his Amended Complaint on March 28, 2017, well after the two-year limitations period had expired, and so the claim is time-barred. As any amendment would be futile, Count III is dismissed with prejudice.

## C. ERISA Claim (Count V)

A participant or beneficiary of an employee benefit plan may bring an ERISA claim "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). "For a plaintiff to state a claim for unpaid benefits under § 1132(a)(1)(B), the defendant must have discretion to award the benefits at issue. In other words, the proper party defendant in an action concerning ERISA benefits is the party that controls administration of the plan." *Griffin v. Lockheed Martin Corp.*, 647 F. App'x 920, 923 (11th Cir. 2016) (internal quotation marks, alteration, and citation omitted). Moreover, "the party with decisional control over the Plaintiff's benefits claim … is the *only* proper defendant in an action concerning ERISA benefits. *Milton v. Life Ins. Co. of N. Am.,* 2012 WL 2357800, at *1 (N.D. Ala. June 20, 2012) (emphasis added).

Here, Plaintiff alleges that Defendant "interfered with Plaintiff's long term disability insurance in violation of 29 U.S.C. § 1132(a)(1)(b) by failing to timely provide Sun Life carrier with accurate information as required." ECF No. [51] at ¶ 127. Irrespective of Defendant's alleged interference, however, the allegations establish that Sun Life is the party that controls administration of Plaintiff's disability insurance plan. First, Plaintiff identified Sun Life as the entity to which he appealed his benefits determination. *See id.* at ¶ 78. Second, Plaintiff consistently refers to Sun Life as "the insurer" and as "the carrier." *See, e.g.*, *id.* at ¶¶ 79, 127. Third, Plaintiff appears to allege that the denial of his long-term disability benefits was made by Sun Life. *See id.* at ¶ 130. Fourth, Plaintiff seeks "the eventual award from Sun Life." *Id.* Based on these allegations, the Court finds that Defendant is not the proper defendant for purposes of Plaintiff's ERISA claim as Defendant is *not* the entity with decisional control over Plaintiff's disability insurance plan. *See Milton*, 2012 WL 2357800, at *1.[2] As any amendment would be futile, Count V is dismissed with prejudice.

## IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss, **ECF No. [55]**, is **GRANTED**.

2. Counts I and II are **DISMISSED without prejudice**.

3. Counts III and V are **DISMISSED with prejudice**.

---

[2] The Court also notes that with respect to relief for his ERISA claim, Plaintiff seeks, *inter alia*, damages in the form of the costs of litigating the denial of his long term disability benefits with Sun Life. ECF No. [51] at ¶ 130. However, as previously explained by the Eleventh Circuit, the Supreme Court has laid out "three distinct remedies" that a participant or beneficiary may be entitled to under ERISA: "an action … [1] to recover accrued benefits, [2] to obtain a declaratory judgment that she is entitled to benefits under the provisions of the plan contract, and [3] to enjoin the plan administrator from improperly refusing to pay benefits in the future." *Heffner v. Blue Cross & Shield of Ala., Inc.*, 443 F.3d 1330, 1338 (11th Cir. 2006) (quoting *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 147 (1985)) (alterations in the original). Thus, to the extent that Plaintiff seeks previous litigation costs, such relief is not available under § 1132(a)(1)(B).

4. Plaintiff shall file a Second Amended Complaint on or before **August 11, 2017**.

    **DONE AND ORDERED** in Miami, Florida, this 3rd day of August, 2017.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:    Counsel of Record